UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

KATHERINE CALLAHAN,                    )
                                        )
           Plaintiff,          )
                                        )
    v.                            ) CAUSE NO.:
                                        )
MADISON COUNTY                          )
CORONER'S OFFICE and                    )
MADISON COUNTY,                         )
                                        )
           Defendant.          )

## COMPLAINT

1.      Plaintiff, Katherine Callahan ("Callahan"), brings this cause of action against

Defendants, Madison County Coroner's Office ("MCCO") and Madison County ("County")

[hereinafter collectively referred to as "Defendants," unless otherwise identified], pursuant to the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the Indiana Wage Payment Statute

("IWPS"), Indiana Code §§ 22-2-5-1, *et. seq.*, and the Indiana Minimum Wage Law ("IMWL"),

Indiana Code §§ 22-2-2-1, *et. seq.*

## PARTIES

2.      Callahan has resided within the Southern District of Indiana at all relevant times.

3.      MCCO is a governmental entity operating within the Southern District of Indiana.

4.      County is a governmental entity operating within the Southern District of Indiana.

## JURISDICTION AND VENUE

5.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

This Court has supplemental jurisdiction over Callahan's state-law claims pursuant to 28 U.S.C. §

– 1 –

1367.

6.      Callahan was an "employee" within the meaning of 29 U.S.C. §203(e).

7.      MCCO is an "employer" within the meaning of 29 U.S.C. §203(d).

8.      County is an "employer" within the meaning of 29 U.S.C. §203(d).

9.      Venue is proper in this Court.

## FACTUAL ALLEGATIONS

10.     Troy Abbott ("Abbott") was the Coroner at MCCO.

11.     MCCO is a department of County.

12.     Defendants hired Callahan to be a Fourth Deputy Coroner on or about January 1, 2021.

13.     Defendant subsequently promoted Callahan to be the Chief Deputy Coroner.

14.     Defendants jointly employed Callahan.

15.     County exercised sufficient control over the terms and   conditions of Callahan's employment, including, but not limited to, controlling her compensation rate, making her subject to County's Employee Personnel Policy Handbook, providing County employee benefits to her, requiring that she participate in training, issuing compensation to her for earned wages, requiring that she submit any grievances or complaints over the terms and conditions of her employment to County's Human Resources, and ordering her as part of her employment to sign employment policy acknowledgments.

16.     Abbott was the departmental head of MCCO.

17.     Callahan initially reported to and was supervised by the Chief Deputy Coroner before Abbott promoted her to be Chief Deputy Coroner.

– 2 –

18.     Callahan earned an annual salary of approximately $19,656 as a full-time Fourth Deputy Coroner.

19.     Upon promotion to the full-time Chief Deputy Coroner position, Callahan's annual salary increased to approximately $21,000.

20.     The annual compensation paid to Callahan was less than $35,568.

21.     Callahan's Fourth Deputy Coroner and Chief Deputy Coroner positions were to be approximately 40 hours per week.

22.     Callahan repeatedly and continuously worked well in excess of 40 hours per week during her employment with Defendants.

23.     Callahan routinely worked, on average, between 50 and 60 hours per week.

24.     The work hours spent by Callahan constituted work performed for Defendants and served as a measurable benefit to Defendants.

25.     Callahan's employment ended with Defendants on or about December 2, 2022.

26.     Defendants did not pay overtime wages to Callahan for all hours worked by her beyond 40 per week.

27.     Defendants did not consistently pay the minimum wage rate of $7.25 per hour to Callahan for all hours worked by her during those weeks where her work hours lowered her hourly pay rate below $7.25.

28.     Callahan has suffered damages as a result of Defendants' unlawful conduct.

## COUNT I

## FAIR LABOR STANDARDS ACT

29.     Callahan hereby incorporate paragraphs 1-28 of her Complaint.

– 3 –

30.    Defendants failed to compensate Callahan for all overtime wages earned by her.

31.    Defendants failed to compensate Callahan for all minimum wages earned by her.

32.    Callahan has suffered injury as a result of Defendants' unlawful conduct.

33.    Defendants' actions have been intentional, willful, and in reckless disregard of Callahan's rights as protected by the FLSA.

## COUNT II

### INDIANA WAGE PAYMENT STATUTE

34.    Callahan hereby incorporate paragraphs 1-33 of her Complaint.

35.    Defendants failed to compensate Callahan for all overtime wages earned by her.

36.    Defendants failed to compensate Callahan for all minimum wages earned by her.

37.    Callahan has suffered injury as a result of Defendants' unlawful conduct.

38.    Defendants' actions have been intentional, willful, and in reckless disregard of Callahan's rights as protected by the IWPS.

## COUNT III

### INDIANA MINIMUM WAGE LAW

39.    Callahan hereby incorporate paragraphs 1-38 of her Complaint.

40.    Defendants failed to compensate Callahan for all overtime wages earned by her.

41.    Defendants failed to compensate Callahan for all minimum wages earned by her.

42.    Callahan has suffered injury as a result of Defendants' unlawful conduct.

43.    Defendants' actions have been intentional, willful, and in reckless disregard of Callahan's rights as protected by the IMWL.

## **REQUEST FOR RELIEF**

WHEREFORE, Katherine Callahan, by counsel, respectfully request that this Court find

for her and order that:

1.      Defendants pay to Callahan all unpaid overtime wages;

2.      Defendants pay to Callahan all unpaid minimum wages;

3.      Defendants pay to Callahan liquidated/treble damages;

4.      Defendants pay pre- and post-judgment interest to Callahan;

5.      Defendants pay Callahan's attorneys' fees and costs incurred in litigating this

action; and

6.      Defendants provide to Callahan any and all other legal and/or equitable relief that

this Court sees fit to grant.

Respectfully submitted,


/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49

/s/ Shannon L. Melton
Shannon L. Melton, Attorney No. 29380-49

Attorneys for Plaintiff
Katherine Callahan

WILSON MELTON, LLC
5226 South East Street, Suite A-5
Indianapolis, Indiana 46227
Telephone:   (317)802-7181
Email:       bwilson@wilsonmelton.com
             smelton@wilsonmelton.com