UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHERINE CALLAHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:22-cv-02467-JPH-TAB |
| | ) |
| MADISON COUNTY CORONER'S OFFICE, | ) |
| BOARD OF COMMISSIONERS OF MADISON | ) |
| COUNTY, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO STRIKE DEFENDANT**
**MADISON COUNTY CORONER'S OFFICE'S AFFIRMATIVE DEFENSES**

Plaintiff Katherine Callahan filed a motion to strike Defendant Madison County Coroner's Office's affirmative defenses No. 2, 3, 4, 5, 7, 8, 10, 11, 13, and 14. [Filing No. 55.] Callahan argues, among other things, that these alleged affirmative defenses amount to no more than bare bones assertions seeking to negate elements of Callahan's case in chief. Callahan goes so far as to state she is "bumfuzzled by Defendant's machinations in attempting to characterize" affirmative defenses No. 2, 7, 10, 11, and 13 as affirmative defenses. [Filing No. 56, at ECF p. 6.] Despite this colorful and strongly worded accusation, Defendant did not even respond.

Defendant identified 14 affirmative defenses, which is excessive but "not necessarily abnormal in today's litigation landscape." Order on Plaintiffs' Motion to Strike Affirmative Defenses and Defendant's Motion to Bifurcate, *Accent Consulting Group, Inc. et al v. Great American Assurance Co.*, No. 1:22-cv-1767-JMS-TAB, at *3 (S.D. Ind. May 25, 2023), ECF No. 48. *See also Barrett v. Invictus Real Estate Group, LLC*, No. 1:20-cv-2275-JPH-TAB, 2020 WL 7384681, at *1 (S.D. Ind. Dec. 16, 2020) ("Federal Rule of Civil Procedure 8(c) requires parties

to affirmatively state all affirmative defenses in a responsive pleading.  Somewhere along the way, the distinction between an affirmative defense and a mere denial has been lost, or at least significantly muddled.  As a result, answers often include defenses and denials masquerading as affirmative defenses.  This, in turn, can result in unnecessary discovery and needless motions practice.").  "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure."  *Heller Fin. Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).  Under Rule 12(f), the Court can strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Ultimately, district courts have considerable discretion in ruling on motions to strike.  *See, e.g., Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 647 (7th Cir. 2014) ("A district court's grant or denial of a motion to strike is reviewed for an abuse of discretion.").

Many of Callahan's concerns are well taken.  For instance, Callahan contends that affirmative defense No. 14, which states, "Plaintiff's claim is barred by the doctrine of laches[,]" is a bare bones recital of a potential affirmative defense that does not put Callahan on notice of what actual defense it is asserting.  [Filing No. 56, at ECF p. 9.]  Defendant provided no evidence and did not assert any facts that Callahan has committed any wrongdoing or supporting laches.  Accordingly, the Court agrees that affirmative defense No. 14 should be stricken.

On November 3, 2023, in accordance with the Case Management Plan, Defendant filed its statement of defenses.  The statement narrows down the asserted defenses and only contains the language from Defendant's affirmative defenses No. 3, 5, 6, 9, 11, and 14.  Thus, the Court need not spend additional time and resources addressing Callahan's (valid) concerns related to affirmative defenses No. 2, 4, 7, 8, 10, and 13.  Callahan does not raise any issues with

affirmative defenses No. 6 or 9. That leaves only affirmative defenses No. 3, 5, and 11 in need of further analysis.

Callahan contends that affirmative defenses No. 3 and 5 are not affirmative defenses, but rather are averments that are simply part of Defendant's burden of production concerning the wage and overtime claims that Callahan asserted under the FLSA and Indiana statutes. [Filing No. 56, at ECF p. 4.] Affirmative defense No. 3 states that Defendant acted in good faith and had reasonable grounds for believing its actions were in compliance with the Fair Labor Standards Act and cited Indiana statutes. [Filing No. 54, at ECF p. 9.] Affirmative defense No. 5 states that Callahan's action is barred to the extent Callahan seeks recover for time that is not compensable time, or "hours worked" under the FLSA and Indiana statutes cited. [Filing No. 54, at ECF p. 9.] Callahan claims these "defenses" are merely denials of Callahan's claims.

The Court recognizes that "[t]he application of an FLSA exemption is an affirmative defense on which Defendant carries the burden of proof." *Jirak v. Abbott Lab'ys, Inc.*, 566 F. Supp. 2d 845, 849 (N.D. Ill. 2008). However, affirmative defenses containing no more than bare bones conclusory allegations without connecting it to the case at hand are fair game to be stricken. *See, e.g., United States v. Community Health Network, Inc.*, No. 1:14-cv-1215-RLY-DLP, 2022 WL 20362343, at *2 (S.D. Ind. June 24, 2022) ("[D]efenses consisting of nothing but bare bones conclusory allegations are deficient and should be stricken." (Internal citation and quotation marks omitted). Affirmative defense No. 3 as pleaded does not contain facts to support such a defense in even a minimal way, or provide any indication as to why good faith is relevant to this case. Similarly, Defendant has not identified any facts in support of affirmative defense No. 5 or specified what portion(s) of the relevant statutes are at issue. "Plaintiff cannot be expected to speculate which applicable rules and/or regulations [Defendant intends] to reply

3

upon, especially where [Defendant has provided no factual basis for its defense.]" *Pietrzycki v. Heights Tower Service, Inc.*, No. 14 C 6546, 2015 WL 688510, at *4 (N.D. Ill. Feb. 17, 2015). Defendant has not attempted to clarify and failed to provide any response to Callahan's arguments. Thus, Callahan's motion is granted without prejudice as it relates to affirmative defenses No. 3 and 5.

Finally, Defendant's affirmative defense No. 11 avers that Callahan's position "was exempt from overtime pay and minimum wage provisions of the Acts she seeks to enforce." [Filing No. 54, at ECF p. 10.] Callahan argues this defense is nothing more than a bare bones assertion that is too broad and all-encompassing with no real limitations to place Callahan on fair notice of what Defendant is attempting to plead. Once again, "[t]he burden is on the employer to prove that an employee is exempt under FLSA, and such exemptions are to be narrowly construed against the employer seeking the exemption." *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 631 (7th Cir. 2010) (internal citation omitted). While Defendant seemingly attempts to raise a valid affirmative defense here, as written, it is not specific enough for Callahan or the Court properly identify the basis for the defense at this juncture. For instance, the FLSA identifies certain classes of workers who are exempted from the FLSA's coverage, such as any employee employed in a bona fide executive, administrative, or professional capacity. *See* 29 U.S.C. §§ 207, 213. Presumably one of these is the basis Defendant intends to assert. However, as Callahan argues in her brief, the FLSA further identifies a plethora of other specific exemptions and defenses. Defendant does not specific any specific statutory provision as the basis for which they are alleging that Callahan's position was exempt from overtime pay and minimum wage provisions. Thus, Callahan's motion to strike is granted without prejudice as it relates to affirmative defense No. 11.

For these reasons, Callahan's motion to strike is granted as it relates to affirmative defenses No. 2, 3, 4, 5, 7, 8, 10, 11, 13, and 14.  [Filing No. 55.]  The motion is granted without prejudice as it relates to affirmative defenses No. 3, 5, and 11.  Defendant has 14 days to file a supplemental statement of defenses consistent with this order.  Failure to do so will result in these affirmative defenses being barred.

Date: 11/9/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email