UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHERINE CALLAHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:22-cv-02467-JPH-TAB |
| | ) |
| MADISON COUNTY CORONER'S OFFICE, | ) |
| BOARD OF COMMISSIONERS OF MADISON | ) |
| COUNTY, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT MADISON COUNTY CORONER'S OFFICE**

**I.    Introduction**

Pending before the Court is a motion for sanctions filed by Plaintiff Katherine Callahan against Defendant Madison County Coroner's Office. [Filing No. 60.] This matter has been riddled with delays as Defendant has repeatedly failed to provide timely and complete discovery responses to Callahan and failed to comply with Court orders. Callahan's reply brief summarizes the issue underlying the motion with an opening phrase derived from William Shakespeare: "To be sanctioned or not to be sanctioned, that is the question before the Court[.]" [Filing No. 66, at ECF p. 1.] The answer to this question is clear: sanctions against Defendant are appropriate. The Court previously acknowledged Defendant's failure to comply with its discovery obligations, but stopped short of awarding fees. However, the Court warned Defendant that failure to fully comply with its last order would likely render a fee award appropriate. That time has now come. Accordingly, for reasons stated more fully below, Callahan's motion for sanctions should be granted. [Filing No. 60.]

**II.     Background**

Callahan filed her lawsuit against Defendant and Board of Commissioners of Madison County in December 2022, alleging violations of the Fair Labor Standards Act, Indiana Wage Payment Statute, and Indiana Minimum Wage Law.  [Filing No. 1.]  Defendant filed its original answer in March 2023.  [Filing No. 19.]  On April 18, 2023, Callahan served her first set of interrogatories and requests for production on Defendant, making Defendant's responses due by May 18, 2023.  On May 15, 2023, Defendant's former counsel requested an extension of time to respond to the discovery until June 19, 2023, to which Callahan agreed.  However, on June 6, 2023, Defendant's former counsel filed a motion to withdraw his appearance in this matter, which the Court granted.  [Filing No. 41; Filing No. 42.]

On June 12, 2023, Callahan filed an amended complaint.  [Filing No. 43.]  Defendant, proceeding at that time without counsel, did not serve its discovery responses on Callahan by the June 19, 2023, deadline.  Thus, on June 28, 2023, Callahan's counsel emailed and mailed a letter to Defendant advising that its discovery responses were tardy.  Callahan's counsel unilaterally extended the deadline, in good faith, to July 7, 2023.  Defendant did not contact Callahan for further extensions.  After still not receiving any responses, Callahan filed a motion to compel. [Filing No. 45.]  The Court held a status conference on August 1, 2023, issued an order noting that Callahan's motion to compel remained under advisement, and set the matter for a September 13, 2023, telephonic status conference.  [Filing No. 49.]  The Court stated: "The Madison County Coroner's office is expected to retain counsel in advance of that hearing and respond to Plaintiff's outstanding discovery requests.  Failure to do so may result in an adverse ruling." [Filing No. 49, at ECF p. 1.]

2

On September 13, 2023, the Court convened the telephonic status conference, but no counsel for Defendant had yet appeared. Thus, in an order dated September 14, 2023, the Court granted Callahan's motion to compel and ordered Defendant to respond to Callahan's discovery within 14 days from the Court's order. In addition, the Court noted that all objections to this discovery were waived given that it was served back in April 2023. The Court declined to award fees because the lack of a timely discovery response was, "if not completely substantially justified, somewhat understandable" considering issues surrounding the Madison County Coroner's Office and appointing a replacement coroner. [Filing No. 51.] However, the Court noted that a fee award likely would be appropriate absent full compliance with the September order.

Defendant did not answer Callahan's complaint until September 26, 2023, not so coincidentally also the date new counsel entered an appearance on behalf of the Coroner's Office.[1] [Filing No. 54.] Defendant's new counsel provided incomplete discovery responses to Callahan on September 27, 2023, which prompted Callahan to file the motion to compel on October 5, 2023, that is now before the Court. [Filing No. 61.] Callahan notes that Defendant's discovery responses contained a substantial number of objections in contravention to the Court's September order, including improperly asserted objections to interrogatories 3, 4, 5, 6, 8, 15, 16, and requests for production 6, 8, 9, 10, 11, 13, 21, 22, 23, 24, 25, 26, 31, 36, 37, and 38. [Filing No. 61, at ECF p. 4.] Additionally, that same day, Defendant filed a motion asking for a 30-day extension to fully comply with the Court's order and provide its discovery responses to Callahan.

---

[1] Callahan's opening brief notes that she is not seeking an award of sanctions against Defendant's new counsel. [Filing No. 61, at ECF p. 2, n. 2.]

[Filing No. 57.] The Court denied the request, reiterating that it "expects full compliance with its September 14, 2023, order." [Filing No. 59.]

Furthermore, on September 28, 2023, Defendant's counsel emailed a proposed protective order to Callahan's counsel for review, which contained "attorneys' eyes only" language. Although Defendant's objections had been waived, Callahan, in good faith, informed Defendant on September 29 that she would agree to a revised protective order with the "attorneys' eyes only" language stricken. At the time Callahan filed her motion for sanctions with the Court, she had not received any response to the proposed revisions. [Filing No. 61, at ECF p. 6.] Callahan's counsel also emailed a letter to Defendant on September 29 noting the deficient nature of its discovery responses and reminding Defendant of its obligations. [Filing No. 61-3.] Callahan asked Defendant to provide full and complete discovery responses (without objections) by October 3, 2023. Defendant's counsel contacted Callahan's counsel on October 3 asking for an extension to October 9, 2023. [Filing No. 61-4, at ECF p. 2.] Callahan's counsel declined. [Filing No. 61-4, at ECF p. 1.] Defendant did not meet its own self-imposed deadline of October 9. Rather, on October 18, 2023, Defendant mailed its significantly delayed discovery responses, which Callahan argues remain somewhat deficient. [Filing No. 61-5.] Callahan received those supplemental responses via mail on October 20, 2023. [Filing No. 66, at ECF p. 2.]

Callahan initially sought attorney's fees and the entry of default against Defendant. [Filing No. 60.] However, Callahan withdrew the request for entry of default after acknowledging in her reply brief that that Defendant finally produced its significantly delayed discovery responses on October 18, 2023. [Filing No. 66.] Callahan still seeks an award of attorney's fees as a sanction for Defendant's numerous delays.

4

### III. Discussion

Callahan seeks sanctions against Defendant for its repeated discovery violations and its contravention of this Court's August 2, 2023, September 14, 2023, and September 28, 2023, orders. Federal Rule of Civil Procedure 37 provides for an award of sanctions for discovery violations, including evasive or incomplete disclosures, and for the necessitation of filing a motion to compel discovery. *See* Fed. R. Civ. P. 37(a). Rule 37 also enumerates the award of attorney's fees as an additional sanction for a non-compliant defendant. *See* Fed. R. Civ. P. 37(b)(2)(C) ("*Payment of Expenses*. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

An award of sanctions, particularly attorney's fees, is appropriate here. Defendant had nearly six months to provide discovery responses in their entirety to Callahan. This Court has issued multiple orders requiring Defendant to provide full and complete discovery responses, which Defendant repeatedly disregarded. Defendant points out that a new coroner took office on August 21, 2023. Thus, Defendant argues it had no one to receive the Court's order from the August 1, 2023, status conference, because it had no coroner. The Court acknowledged the issues surrounding the Madison County Coroner's Office and appointment of a replacement coroner in its September 14 order, when the Court declined to award fees. [Filing No. 51.] However, Defendant continued to disobey the Court's orders and delay its response beyond the new deadline. Callahan's claims are against Defendant as an entity, not a specific individual holding the office of coroner. Regardless of who holds the office, the entity has remained wholly responsible for complying with the discovery rules. Defendant employs other coroners,

5

including a Chief Deputy Coroner and Deputy Coroners. Any of these individuals seemingly could have assisted in responding to Callahan's discovery requests between April and October.

Defendant also contends that it complied with the Court's September 14 order when it responded to Callahan's discovery on September 27. [Filing No. 65, at ECF p. 6.] Although Defendant acknowledges that its September 27 production asserted objections that had been waived considering Defendant's tardiness and the Court's earlier order, Defendant claims that the objections did not result in the failure of the Coroner's Office to produce any requested information. Rather, Defendant contends that the objections related only to documents protected by attorney-client privilege.

As articulated in Callahan's reply brief, Defendant's invocation of waived objections "created the reasonable inference that Defendant had withheld multiple documents responsive to Callahan's discovery requests." [Filing No. 66, at ECF p. 5.] Moreover, Defendant requested an extension of time that same date and also acknowledged that it still needed to review electronically-stored information for responsive documents, which led to additional delay and a supplemental response later in October, as noted above. This is further evidence that Defendant did not comply with its discovery obligations by the Court-imposed deadline.

Finally, Defendant continues to assert objections based on the attorney-client privilege, relevancy, and overbreadth. [Filing No. 65-1.] For instance, Defendant objects to the production of compensation and overtime records for other deputy coroners from 2019 because "Plaintiff was not employed in 2019." [Filing No. 65-1, at ECF p. 3.] Callahan argues that she may use such information to establish, for liquidated damages purposes, the willful nature of Defendant's historical failure to pay overtime wages to deputy coroners. Callahan's request is narrow, and

6

more importantly, Defendant lost its ability to object when it repeatedly failed to file responses, as noted in the Court's September 14 order finding any objections waived.

Callahan has been prejudiced by Defendant's violations of the discovery rules and this Court's orders. For more than three months, Callahan has expended significant attorney time and fees to procure Defendant's discovery responses and compliance with the Court's orders. These efforts are evident in the emails and letter provided in support of Callahan's motion for sanctions, as well as the many orders the Court has already issued in this case related to Defendant's shortcomings and improper requests for more time. The Court previously declined to award fees for Defendant's shortcomings. But enough is enough. The Court cautioned Defendant that it needed to retain counsel and respond to Callahan's discovery request prior to the September 13, 2023, conference. Defendant failed to do so. A fee award is now an appropriate sanction.

This conclusion raises the question of who should be sanctioned: Defendant the entity, Defendant's counsel, or both?[2] Callahan's motion does not contain any specific allegations against Defendant's current or former counsel. Thus, the Court should enter an order for payment of Callahan's attorney's fees against Defendant the entity, not Defendant's counsel.

### IV. Conclusion

For these reasons, the Court should grant Callahan's motion for sanctions. [Filing No. 60.] Plaintiff is entitled to attorney's fees related to Defendant's repeated discovery violations and delay. The parties should confer on a reasonable attorney's fee award. If they are unable to do so, then Callahan may file a motion for a fee award within 21 days of the Court's adoption of this recommendation. Any objection to the magistrate judge's Report and Recommendation shall

---

[2] As noted above, Callahan's motion expressly states that she does not seek sanctions against Defendant's new counsel. [Filing No. 61, at ECF p. 2, n.2.]

be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within 14 days shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 11/20/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email